ROY GUYTON v. STATE.

No. A-8921.    Jan. 17, 1936.
(54 Pac. [2d] 224.)

Harry L. Neuffer and Melville F. Boddie, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, P. J.    Plaintiff in error, hereinafter called defendant, was convicted of murder in the district court of Oklahoma county, and his punishment fixed at death.

At the time charged, one E. L. Bailey, who worked at a junk yard in Oklahoma City, was struck on the head with a blunt instrument, which rendered him unconscious and from the effects of which he died about twenty-four hours later.    Bailey at the time had a sleeping place in

the junk yard, on top of a metal shed which was about eight feet high; apparently the blow was inflicted while Bailey was reclining or just as he raised up; when found just after daylight he was still bleeding and unconscious. He never regained consciousness. The motive was robbery, and some of the personal effects of deceased were taken, consisting of a belt, a small purse, a knife, a comb and a pistol. The day following, defendant attempted to pawn the pistol at a pawn-shop in Oklahoma City. It happened the pawnbroker had sold this pistol to Bailey about six weeks before and had made a record of the numbers. When it was presented he recognized it and made some excuse and managed to call the police, who came promptly and arrested defendant. When arrested, defendant was wearing the belt which had belonged to deceased and had in his possession the small purse, knife, and comb which had been taken from deceased at the time of the homicide. Defendant did not testify.

While several contentions are made in the petition in error, they fall under two heads: First, that defendant did not have a fair jury; second, that the evidence is insufficient to sustain the judgment.

Defendant contends in support of his first proposition that three of the members of the trial jury were not selected from the regular panel, but were summoned by special venire. The procuring of additional jurors in the manner complained of is in conformity with our statute, section 800, Okla. St. 1931.

Under this assignment defendant further argues that the juror Loftis at the time was under a charge in Oklahoma county of having committed a felony, and while it is not contended he was disqualified to serve as a juror, it is argued such fact had a tendency to cause him to de-

sire to ingratiate himself with the county attorney and therefore render him unfair. This is a mere surmise, not warranted by anything in the record. It is also argued that the juror, Underwood, had been a candidate for sheriff at a previous election and was a person who hung around the courthouse, and defendant believes both the jurors Loftis and Underwood had heard the case discussed and had formed an opinion. The voir dire of the jurors was not in the record, and none of the points under this assignment are supported by the record, other than the bare, unverified statement in the motion for new trial. The statute and practice give a wide latitude to counsel in the examination of jurors on voir dire and in capital cases allows nine peremptory challenges to enable the accused to select a fair jury. If he neglects to exercise these safeguards, a claim for a new trial on this ground will not avail, unless there is a showing of prejudicial error or miscarriage of justice.

The evidence hereinabove summarized is sufficient; we are satisfied an honest jury could have arrived at no other conclusion than that of the guilt of defendant. The case is affirmed.

The original time for the execution having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Oklahoma county be carried out by electrocution of the defendant on the 20th day of March, 1936.

DAVENPORT, and DOYLE, JJ., concur.